IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES W. BAGLEY,                          )
*Trustee of the Bagley Family Revocable*  )
*Trust*,                                   )
                                          )
            Plaintiff,                     )
                                          )
v.                                        )     CIVIL ACT. NO.  1:12cv620-CSC
                                          )
PETER L. CASH,                            )
                                          )
            Defendant.                     )

On December 3, 2012, the plaintiff filed a motion for summary judgment (doc. # 16).

Accordingly,  it is

ORDERED that the motion for summary judgment is to be submitted on the motion,

the pleadings, and any documents or other evidence the party seeking summary judgment has

already filed or which the defendant may wish to file in response on or before **December 18,**

**2012.**[1]  Any documents or evidence filed after this date will not be considered by the court

except in exceptional circumstances.

In responding to a motion for summary judgment, the parties should make specific

reference to the following provisions of FED.R.CIV.P. 56(c)(1):

A party asserting that a fact cannot be or is genuinely disputed must support
the assertion by:

(A) citing to particular parts of materials in the record, including depositions,
documents, electronically stored information, affidavits or declarations,

---

[1]  This submission is without oral argument.  Should the court determine that oral argument is
necessary, a hearing date will be scheduled later.

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

A party opposing a motion for summary judgment cannot rely only on the unsworn pleadings but must oppose the motion by citing to evidentiary material in the record as provided by Rule 56(c) or by filing sworn affidavits in accordance with Rule 56(c)(4)[2] that set forth specific facts which demonstrate that there is a genuine dispute of material fact for trial in this case.  Failure to support assertions about facts or failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[3]  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion and entry of final judgment  in favor of the moving party without further proceedings.

Done this 4th day of December, 2012.


_____/s/Charles S. Coody_____

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[2]  An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3]  If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.